IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNELL YOUNG,

    Plaintiff(s),

vs.

COUNTY OF CONTRA COSTA OFFICE OF THE SHERIFF, et al.,

    Defendant(s).

No. C 11-0997 CRB (PR)

ORDER OF DISMISSAL

(Docket # 2 & 4)

    Plaintiff, a pre-trial detainee at the Contra Costa County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging various wrongdoing in connection with his ongoing state criminal proceedings. Among other things, plaintiff alleges ineffective assistance of counsel and judicial misconduct.

    Plaintiff seeks injunctive relief and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Based solely on plaintiff's affidavit of poverty, the application to proceed IFP (docket # 2 & 4) is granted.

**DISCUSSION**

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

1  granted," or "seeks monetary relief from a defendant who is immune from such
2  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri
3  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
5  elements:  (1) that a right secured by the Constitution or laws of the United States
6  was violated, and (2) that the alleged violation was committed by a person acting
7  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

8  B.    Legal Claims

9        The court must abstain and dismiss plaintiff's request for injunctive relief
10 because it is well-settled that a federal court may not interfere with ongoing state
11 criminal proceedings by granting injunctive or declaratory relief.  See Younger v.
12 Harris, 401 U.S. 37, 43-54 (1971).  There may be an exception to Younger
13 abstention upon a showing of the state's bad faith or harassment, or a showing
14 that the statute challenged is "flagrantly and patently violative of express
15 constitutional prohibitions," id. at 46, 53-54; however, there is no such showing
16 or indication here.  Plaintiff's request for injunctive relief must be dismissed.  See
17 Juidice v. Vail, 430 U.S. 327, 348 (1977) (district court must dismiss action for
18 declaratory or injunctive relief if it finds that Younger abstention is appropriate);
19 Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (same).

## CONCLUSION

For the foregoing reasons, the case is DISMISSED under the authority of 28 U.S.C. § 1915A(b).  The clerk is instructed to enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  March 24, 2011

                                  CHARLES R. BREYER
                                  United States District Judge

G:\PRO-SE\CRB\CR.11\Young, D1.dismissal.wpd